

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| TURNING TECHNOLOGIES, LLC, AND RESPONSIVE INNOVATIONS, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> FLEETWOOD GROUP, INC., <br><br> Defendant. | Civil Action No. 4:05CV2057 <br><br> Judge: JUDGE ECONOMUS <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** <br><br> MAG. JUDGE LIMBERT |

Plaintiff Turning Technologies, LLC, and Responsive Innovations, LLC, for their complaint against Defendant Fleetwood Group, Inc., allege as follows:

### The Parties

1.  Turning Technologies, LLC ("Turning") is a limited liability company organized under the laws of the State of Ohio, having its principal place of business at 241 Federal Plaza West, Youngstown, Ohio 44503.

2.  Plaintiff Responsive Innovations, LLC ("Responsive") is a limited liability company organized under the laws of the State of Ohio, having its principal place of business at 3789 Chesterfield Drive, Akron, Ohio 44319.

3. On information and belief, Defendant Fleetwood Group, Inc. ("Fleetwood") is a corporation organized under the laws of the State of Michigan, having its principal place of business at 11832 James Street, Holland, Michigan, 49424.

## Jurisdiction And Venue

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202, as a declaratory judgment arising under the Patent Laws, Title 35 of the United States Code.

5. On information and belief, Fleetwood is and has been doing business in Ohio and in this judicial district at all times relevant hereto.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

## Background Facts

7. Responsive is in the business of designing and selling hardware for use in audience response systems, including hand-held response transmitting keypads and receivers. The hand-held response transmitting keypads send signals in response to user inputs, and the receivers collect the signals sent from the keypads. Responsive sells three of its own proprietary, hand-held response transmitting keypads: ResponseCard® IR, ResponseCard® XL, and ResponseCard® RF. The ResponseCard® IR and ResponseCard® XL include infrared transmitters, while the ResponseCard® RF includes a radio-frequency transmitter.

8. Turning is in the business of developing proprietary software employed in audience response systems. In addition, Turning markets and sells complete audience response systems comprising its proprietary computer software and third-party hardware, namely transmitters and receivers. Among the hardware sold by Turning is that hardware supplied by Responsive, including the ResponseCard® keypads.

9. On information and belief, Fleetwood owns the exclusive rights to license and enforce U.S. Patent Nos. 5,379,213 ("the '213 patent"), RE 35,449 ("the '449 patent"), 5,724,357 ("the '357 patent"), 6,021,119 ("the '119 patent"), 6,665,000 ("the '000 patent") (collectively "the Fleetwood patents"). The Fleetwood patents relate to methods and systems in the audience response arts.

10. The '213 patent issued on January 3, 1995 and is based on a patent application filed in the U.S. Patent and Trademark Office on January 28, 1992. A copy of the '213 patent is attached as Exhibit A.

11. The '449 patent issued on February 11, 1997 and is based on a reissue patent application filed in the U.S. Patent and Trademark Office on March 2, 1994 requesting reissue of U.S. Patent 5,093,786. A copy of the '449 patent is attached as Exhibit B.

12. The '357 patent issued on March 3, 1998 and is based on a patent application filed in the U.S. Patent and Trademark Office on June 24, 1994. A copy of the '357 patent is attached as Exhibit C.

13. The '119 patent issued on February 1, 2000 and is based on a patent application filed in the U.S. Patent and Trademark Office on October 24, 1996. A copy of the '119 patent is attached as Exhibit D.

14. The '000 patent issued on December 16, 2003 and is based on a patent application filed in the U.S. Patent and Trademark Office on November 13, 1998. A copy of the '000 patent is attached as Exhibit E.

15. Fleetwood has alleged infringement of the Fleetwood patents against Turning and Responsive arising out of their promotion and sale of audience response hardware and/or software.

16.     On information and belief, Fleetwood has notified customers and/or potential customers of Turning of the alleged infringement and that such customers and/or potential customers face legal action for infringement. On further information and belief, as a direct result of Fleetwood's actions, customers and/or potential customers of Turning have refused to purchase Turning's audience response systems, causing Turning harm.

17.     On information and belief, Fleetwood's allegations of infringement against Responsive as well as Turning and its customers are objectively and subjectively baseless and made for the purpose of suppressing competition in the market for audience response systems.

Count I
Declaration of Noninfringement

18.     Paragraphs 1-17 are incorporated herein by reference.

19.     Fleetwood has engaged in activities causing Responsive and Turning reasonable apprehension of legal action for patent infringement if they continue the activities complained about by Fleetwood. Fleetwood has engaged in activities that make it clear that Turning's customers and/or potential customers may also face suit for infringement of the Fleetwood patents. For these reasons, an actual controversy within the meaning of 28 U.S.C. 2201, *et seq.*, exists between Turning and Responsive on the one hand and Fleetwood on the other regarding the alleged infringement of the Fleetwood patents.

20.     Turning and Responsive's activities associated with audience response hardware and software do not infringe the Fleetwood patents, and Turning and Responsive have not induced others to infringe or contributed to infringement of any valid claim of the Fleetwood patents.

## Count II – Tortious Interference
## With Business or Contractual Relations

21. Paragraphs 1-20 are incorporated herein by reference.

22. On information and belief, Fleetwood, without a reasonable basis to conclude that Turning's activities infringe the claims of the Fleetwood patents, has made baseless claims of infringement of the Fleetwood patents to customers and/or potential customers of Turning with the intention of discouraging such customers and/or potential customers from purchasing audience response systems from Turning. Fleetwood is without a privilege to engage in such conduct.

23. By engaging in the conduct set forth above, Fleetwood has tortiously interfered with existing and/or prospective business or contractual relations between Turning and its customers and/or potential customers, resulting in damages to Turning that are not presently known but will be proved at trial.

24. On information and belief, Fleetwood's wrongful conduct has been willful and intentional and will continue unless enjoined by this Court.

25. As a direct result of the wrongful conduct of Fleetwood, Turning is suffering, and unless injunctive relief is granted, will continue to suffer immediate and irreparable harm for which there is no adequate remedy at law.

## Count III
## Common Law Unfair Competition

26. Paragraphs 1-25 are incorporated herein by reference.

27. By engaging in the conduct set forth above, Fleetwood has engaged in unfair competition with Turning, resulting in damages to Turning in an amount that are not presently known but will be proved at trial.

28. On information and belief, Fleetwood's wrongful conduct has been willful and intentional and will continue unless enjoined by this Court.

29. As a direct result of the wrongful conduct of Fleetwood, Turning is suffering, and unless injunctive relief is granted, will continue to suffer immediate and irreparable harm for which there is not adequate remedy at law.

WHEREFORE, Turning and Responsive pray that this Court:

(A) Enter judgment that Turning and Responsive have not infringed, induced others to infringe or contributed to infringement of any claim of the Fleetwood patents;

(B) Enter judgment that Fleetwood, its officers, employees, agents and servants and all persons in active concert with any of them, are preliminarily and permanently enjoined from charging Turning and/or Responsive, directly or indirectly, with infringement of the Fleetwood patents, and from contacting Turning's customers and/or prospective customers regarding those patents;

(C) Order an accounting of Turning's damages arising out of the wrongful conduct of Fleetwood and award Turning such an amount;

(D) Award Turning punitive damages arising out of Fleetwood's acts of tortious interference and unfair competition;

(E) Declare this is an exceptional case under 35 U.S.C. § 285 and award Turning and Responsive their reasonable attorneys' fees, expenses and costs in this action; and

(F) Grant Turning and Responsive such other and further relief as may be just and proper under the circumstances.

Respectfully submitted,

DATED: August 24, 2005     By: _____
Steven M. Auvil (Ohio Bar No. 0063827)
W. Scott Harders (Ohio Bar No. 0066997)
BENESCH, FRIEDLANDER
  COPLAN & ARONOFF, LLP
2300 BP Tower, 200 Public Square
Cleveland, Ohio 44114
Telephone: (216) 363-4500
Facsimile: (216) 363-4588

Attorneys for Plaintiffs
TURNING TECHNOLOGIES, LLC and
RESPONSIVE INNOVATIONS, LLC

### DEMAND FOR JURY TRIAL

Plaintiffs Turning Technologies, LLC and Responsive Innovations, LLC demand a jury trial pursuant to Fed. R. Civ. P. 38 as to all issues so triable in this action.

_____
One of the Attorneys for Plaintiffs
TURNING TECHNOLOGIES, LLC and
RESPONSIVE INNOVATIONS, LLC

Doc 1312090 Ver 3